**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| Oneita Johnson, | |
| Plaintiff, | Civil Action No: 1:20-cv-2299 |
| v. | |
| Caine & Weiner Company, Inc., | **COMPLAINT AND** |
| | **DEMAND FOR JURY TRIAL** |
| Defendant | |

## COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### INTRODUCTION

1. This is an action for actual damages, statutory damages, legal fees and expenses for the improper and illegal actions and conduct of Caine & Weiner Company, Inc., whose actions and conduct are in direct violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter referred to as the "FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C § 1331 and pursuant to 15 U.S.§ 1692k(d).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this district and a substantial portion of the acts giving rise to this action occurred in this district.

4.  The Plaintiff resides in this judicial district.

## PARTIES

5.  The Plaintiff, Oneita Johnson ("Plaintiff"), is an adult individual residing in Indianapolis Indiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.  The Plaintiff is "any person" as the term is used in 15 U.S.C. § 1692d preface.

7.  The Defendant, Caine & Weiner Company, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 5805 Sepulveda Bldv, Fl 4, Sherman Oaks, CA 91411-2532, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8.  The Defendant is a debt collection agency and/or debt purchaser and is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

9.  The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

10. The Defendant is a debt collection agency attempting to collect a debt from the Plaintiff.

11. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by 15 U.S.C. §1692a(5).

12. The debt owed by the Plaintiff went into default.

13. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

14. The Plaintiff disputes the debt.

15. The Plaintiff requests that the Defendant cease all further communication on the debt.

16. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

17. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

18. The Plaintiff retained Sawin & Shea, LLC for legal representation regarding the Plaintiff's debts.

19. Prior to December 4, 2019, the Defendant had reported to TransUnion credit reporting agency that the Plaintiff owed a debt to its client.

20. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.

21. On December 4, 2019, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile. This facsimile transmission to the Defendant was successfully received by the Defendant. *See Exhibit "2" attached hereto.*

22. Plaintiffs letter, in legible 12 point font, stated the following: "Please be advised that the above -referenced individual(s) dispute the debt which you are attempting to collect".

23. This letter clearly stated in unambiguous terms that Plaintiff disputed the debt that Defendant is attempting to collect. Section 1692e(8) does not require an individual's dispute be valid or reasonable. Instead, the plaintiff must simply make clear that he or she dispute the debt.

24. The Seventh Circuit's ruling in Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337, 347 (7th Cir. 2018) stated the following:

*"Section 1692e(8) does not require an individual's dispute be valid or even reasonable. Instead, the plaintiff must simply make clear that he or she disputes the debt. See DeKoven v. Plaza Assocs., 599 F.3d 578, 582 (7th Cir. 2010) ("[A] consumer can dispute a debt for 'no reason at all ....' "). Indeed, "[g]iven the FDCPA's 'comprehensive and reticulated statutory scheme, involving clear definitions, precise requirements, and particularized remedies,' the absence of an explicit pre-suit validation requirement is telling." Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 392 (4th Cir. 2014) (quoting Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 233 (4th Cir. 2007))."*

25. On May 12, 2020, the Plaintiff obtained and reviewed a copy of her TransUnion credit report. *See Exhibit "3" attached hereto.*

26. On May 12, 2020, the Defendant was continuing to report the Plaintiff's debt to TransUnion without indicating that the debt was disputed. *See Exhibit "3" attached hereto.*

27. The TransUnion credit report dated May 12, 2020, indicates that it was last reported or verified April of 2020. *See Exhibit "3" attached hereto.*

28. The TransUnion credit report dated May 12, 2020, fails to indicate that the debt was disputed by the consumer. *See Exhibit "3" attached hereto.*

29. The defendant continued credit reporting showing the debt not disputed has caused actual harm to the Plaintiff by negatively impacting her credit.

30. The seventh circuit in <u>Evans v. Portfolio Recovery Assocs., LLC</u>, 889 F.3d 337, 349 (7th Cir. 2018) stated the following:

*"§ 1692e(8)'s command that debtors must "communicate that a disputed debt is disputed" is "rooted in the basic fraud law principle that, if a debt collector elects to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008)"*

31. Plaintiff has suffered fear and frustration which has led to severe anxiety directly related to Defendant's refusal to update Plaintiff's credit report.

32. Plaintiff continues to suffer anxiety as she believes that Plaintiff's negative credit reporting may result in his denial of credit in the near future.

33. In an attempt to reduce this court's caseload, Plaintiff's counsel sent a certified copy of the draft complaint with a request to discuss potential resolution prior to filing this complaint. *See Exhibit "4" attached hereto.*

34. Plaintiff received no response and was left with no other option than to file this current complaint.


## **COUNT ONE**

## **VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ.***

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as through fully stated herein.

36. The Defendant violated 15 U.S.C. § 1692e(8) by continuing to attempt to report a debt to a credit reporting agency when it knew the debt was disputed by the consumer.

5

37. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequences of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

38. The Defendant's conduct violated 15 U.S.C. § 1692f in that the Defendant used unfair and unconscionable means to collect a debt by continuing to report the debt to a credit reporting agency when it knew the debt was disputed by the consumer.

39. The Defendant misrepresented the status of this debt to a credit reporting agency which constitutes a violation of 15 U.S.C. § 1692e.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

### JURY DEMAND

The Plaintiff demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: September 3, 2020


Respectfully Submitted,


By:  */s/Richard J. Shea*

Richard J. Shea, Esq., # 21396-53
Sawin & Shea, LLC.
Attorneys for Plaintiff
6100 N. Keystone Avenue, Suite 620
Indianapolis, IN 46220
Telephone: (317) 255-2600
Facsimile: (317) 255-2905
E-mail: rshea@sawinlaw.com